NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0231n.06

No. 24-1610

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 06, 2025
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRADFORD PAUL STORTI,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: BOGGS, LARSEN, and DAVIS, Circuit Judges.

LARSEN, Circuit Judge. Bradford Storti pleaded guilty to possession of and accessing with intent to view child pornography. The district court varied upward in sentencing Storti to 151 months in prison. On appeal, Storti challenges the reasonableness of his sentence. Having considered the arguments raised by the parties, we AFFIRM the judgment of the district court.

I.

On April 29, 2020, law enforcement officers executed a search warrant on Bradford Storti's residence in Gwinn, Michigan. The search uncovered 141 images and 39 videos that the investigators believed to be child pornographic material. The pornographic material was analyzed by a board-certified pediatrician, who identified a sample of 20 files that most clearly contained images of children. One video was especially graphic: it showed a minor, bound and blindfolded with duct tape, being penetrated by a penis.

A federal grand jury charged Storti with attempted possession and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Because Storti had two prior convictions related to child-pornography possession, shipment, and distribution, he faced a mandatory minimum of 10 years' imprisonment. 18 U.S.C. § 2252A(b)(2). Storti eventually pleaded guilty.

The Presentence Report calculated Storti's Guidelines range as 97 to 121 months in prison without consideration of the statutory minimum, and 120 to 121 months after considering the statutory minimum. The government moved for an upward variance, seeking a 151-month term of imprisonment. The government contended that 151 months in prison was necessary, given Storti's multiple child-exploitation offenses, past violations of supervised release, and strong likelihood of recidivism. Further, the government underscored the seriousness of Storti's conduct, pointing to the sadistic and masochistic conduct depicted in Storti's video collection. Given the offense conduct and Storti's criminal history, the government noted that the need for specific deterrence and to protect the public was particularly high.

At Storti's sentencing hearing on July 17, 2024, the district court calculated Storti's Guidelines range as 120 to 121 months. However, the court determined that an upward variance was necessary. Accordingly, the district court imposed a 151-month prison sentence. Storti now appeals, challenging the reasonableness of his sentence.

II.

A sentence must be both procedurally and substantively reasonable. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). Although Storti purports to challenge only the substantive reasonableness of his sentence, several of his challenges are properly characterized as procedural reasonableness challenges.

A.

*Procedural Reasonableness.* To issue a procedurally reasonable sentence, the district court must "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Generally, we review a challenge to the reasonableness of a sentence for an abuse of discretion. *Id.* But in the absence of a contemporaneous objection, we apply plain-error review. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Under that standard, Storti bears the burden of demonstrating the existence of "(1) error (2) that 'was obvious or clear," (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). Storti falls well short.

To begin, Storti argues that the court improperly relied on his history of supervised-release violations in formulating his sentence. This was improper, Storti claims, because his supervised release violations are "highly typical" for sex offenders and do not remove his case from "the mine-run." Appellant Br. at 19. Storti cites no caselaw in support of his claim that a district court may consider only "atypical" supervised-release violations in support of a sentence. What's more, the claim that these violations could be considered only if they were out of the ordinary, is a claim that the court relied on impermissible factors in imposing the sentence. This is a procedural-reasonableness claim. *Rayyan*, 885 F.3d at 440; *United States v. Parrish*, 915 F.3d 1043, 1048 (6th Cir. 2019); *United States v. Cabrera*, 811 F.3d 801, 809 (6th Cir. 2016). Storti did not raise this objection below, and he makes no effort to explain how he can prevail under the plain-error standard of review on appeal. *See Greer v. United States*, 593 U.S. 503, 508 (2021)

("The defendant has the burden of establishing entitlement to relief for plain error." (internal quotation marks and citation omitted)). So we do not consider this objection further.

The same analysis governs Storti's challenge to the district court's discussion of his prior efforts at treatment. Specifically, Storti claims that the record contained "inadequate evidence" to support the district court's finding that he has a present "inability" to be successfully treated. Appellant Br. at 20. That argument also sounds in procedural reasonableness. A claim that a district court rested a sentence on a conclusion "without basis in fact," is "simply another way of saying that the district court 'select[ed] a sentence based on clearly erroneous facts.'" *Parrish*, 915 F.3d at 1047 (alteration in original) (quoting *Gall*, 552 U.S. at 51). Again, Storti failed to raise this procedural objection before the district court, so plain-error review applies. *Greer*, 593 U.S. at 508. And Storti has not explained how he can clear that high hurdle.

Storti then argues that the district court gave undue and improper weight to Storti's past criminal history. This claim rings of substantive reasonableness, which asks whether the district court "placed too much weight on some of the § 3553(a) factors and too little on others." *Rayyan*, 885 F.3d at 442. But upon further analysis, it too turns out to be largely procedural.

Storti offers his objection in two parts. First, he argues that the district court impermissibly relied on his past dissimilar crimes in justifying its upward variance. Storti contends that consideration of dissimilar crimes contravenes *United States v. Lee*'s command that district courts not "subject a defendant to, what is in essence, plenary resentencing for his prior offenses—especially when those offenses bear no similarity to the instant offense." 974 F.3d 670, 681 (6th Cir. 2020). We are skeptical that *Lee* announced a categorical rule that district courts may not rely on past dissimilar crimes in deciding whether to vary upward. *See id.* at 680 ("[T]he question before us is not whether this type of relationship [between past and current offenses] is

-4-

necessary in every case—the question is whether it was necessary in this case."). But, in any event, a claim that a district court relied on an impermissible consideration in formulating a sentence sounds in procedural reasonableness. *Parrish*, 915 F.3d at 1048. Storti offered no objection below and has once again failed to survive plain-error review.

Second, with respect to the portion of his criminal history that is similar to the instant offense, Storti claims the Sentencing Guidelines already took those offenses into account when calculating his criminal history. To consider them again, he asserts, would amount to unreasonable double counting. We generally consider double-counting claims to "concern the procedural reasonableness of the defendant's sentence." *United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011). And because Storti did not object below, we would review this claim for plain error. *Id.* Yet, to the extent that Storti argues that "the district court gave too much weight to [his] criminal history in deciding to impose an upward variance," that claim would go to the substantive reasonableness of the sentence. *Id.* And we would review it for an abuse of discretion, "even though it was not raised below." *Id.* Either way, Storti's objection fails. "This Court has consistently held that a district court neither commits procedural error, nor pronounces a substantively unreasonable sentence, simply because, in evaluating the 18 U.S.C. § 3553(a) factors, it considers, as one component of its decision to vary upward from the Guidelines, conduct that also factored into calculating the Guidelines range." *United States v. Trejo*, 729 F. App'x 396, 399 (6th Cir. 2018) (collecting cases).

B.

*Substantive Reasonableness.* When raised by a criminal defendant, substantive reasonableness asks whether "a sentence is too long." *Rayyan*, 885 F.3d at 442. A claim of substantive unreasonableness is "a complaint that the court placed too much weight on some of

the § 3553(a) factors and too little on others." *Id.* We review such claims for an abuse of discretion, even absent an objection below. *United States v. Graham*, 622 F.3d 445, 464 (6th Cir. 2010). A "district court's decision to assign more or less weight to a given factor is a matter of reasoned discretion, not math." *United States v. Mitchell*, 107 F.4th 534, 544 (6th Cir. 2024) (internal quotation marks and citation omitted). The court's "highly deferential review of a district court's sentencing decisions reflects" that principle. *Rayyan*, 885 F.3d at 442.

Storti's sentence was not substantively unreasonable. The district court characterized Storti's criminal behavior as "unstoppable." R. 175, Sent'g Tr., PageID 874. In reaching its decision to impose an above-Guidelines sentence, the court recounted Storti's criminal history, which includes soliciting and then extorting an underage high-school student for sex, two prior convictions related to child pornography, attempting to avoid apprehension by living under an alias, attempting to steal and assume the identity of a deceased infant, and failing to register as a sex offender. In light of Storti's criminal history and the seriousness of the crime, the court found a particularly compelling need to provide specific deterrence, promote respect for the law, deliver just punishment, and protect the public from further criminal conduct by Storti.

We generally afford a district court—"[w]ith its front row seat at sentencing proceedings—significant discretion in passing sentence, meaning that a difference in opinion is not enough to justify undoing the district court's determination as to the length of its sentence." *United States v. Hymes*, 19 F.4th 928, 936 (6th Cir. 2021) (alteration in original) (internal quotation marks and citation omitted). Here, the district court did not vary upward lightly. At the sentencing hearing the district court judge said, "I don't think I've ever gone above the [G]uidelines, and it's very rare nationally for judges to do that . . . but no efforts to date . . . have been able to stop Mr. Storti from engaging in very dangerous criminal conduct involving children." R. 175, Sent'g Tr., PageID 880.

Adding, "all of the efforts over the years by Mr. Storti to engage in this conduct and to hide his identity to avoid consequence makes him a very high risk of recidivism, and I need to protect the public." *Id.* The record shows that "[t]he district court properly considered all of the factors, balanced them, and imposed a reasonable sentence." *Rayyan*, 885 F.3d at 443.

Storti counters that the length of his sentence is out of step with those given to comparable offenders. He offers Sentencing Commission statistics concerning the average sentence for others convicted of child-pornography possession, as well as a few cases that he says show that other offenders were sentenced to fewer months for more egregious conduct. But Storti fails to explain why, despite his prior history, he should be treated as an average offender. Nor does he grapple with the underlying Guidelines calculations that led to the differences in sentences in the cases on which he relies. But most importantly, the district court's decision "is a matter of reasoned discretion, not math." *Mitchell*, 107 F.4th at 544 (citation omitted). Here, the district court reasonably exercised that discretion and ably explained why an above-Guidelines sentence was warranted. We see no basis for second guessing that judgment. *See Rayyan*, 885 F.3d at 442 (rejecting argument that sentence was unreasonable because another judge imposed a lighter sentence for conduct like the defendant's).

\* \* \*

We AFFIRM.